*418 Opinión op the Couet.
THE apipeliee exhibited his bill against the appellant alleging that lie was a carpenter, and was invited by the appellant, from the exercise of his trade in town, to the farm of the appellant in the country, and assured that he should have fifty acres of land, part of the appellant’s tract, which he had purchased, and on which he was settling, and was to pay for the same in carpenter’s work, at the same price which the appellant had given for the whole tract. That he accordingly went and did the work, to a far greater amount than the fifty acres amounted to; the fifty acres was demarked in the presence and by the consent of the parties, and he settled thereon, and improved the same to a large extent, having pat thoreon improvements, lasting and valuable, arid there was no writing between him and the appellant. That ultimately he was absent from the fifty acres at another farm, and the appellant availing himself of the advantage be had, In the want of writings, -had taken possession of the land and would not pay for the improvements or tire price of the labor and services done for the land, and for these charges, he prays relief, or for a conveyance of the land.
The appellant admits an agreement to give the fifty acres of land, and that it was conveyed, but insists that the appellee had not done all the labor which he was to do for it. That the appellee was to complete a dwelling house, before begun by another workman, which he had left, unfinished, and to build a small barn, wdiich was never built, and therefore had not complied with the contract. That when he bought the land, there was a mortgage on it, of which he was ignorant, and which was foreclosed since by a decree of the circuit court of the United States; and he had to pay more money to redeem and save his whole tract, in which he wished the appellee to join him; but he, the appellee refused, and would have nothing more to do with the fifty acres. That it was consequently agreed that the ap-pellee should surrender his claim to the land as purchaser, hut should keep it in possession for ten years, as a compensation for his labor in improving it, which he, the appellee, accordingly did, and then moved away and abandoned it. lie insists the improvements are of little or no value, and that they were more than paid for by the enjoyment for ten years. He also alleges *419 that be has paid the appellee’s account, and contends the appellee has. no right to recover what is charged against him, butprofésses a willingness to pay any balance which remains. During the progress of the cause, the court below impannelled a jury to ascertain the value of the labor and services performed by the appel-lee for the appellant, and they found the sum of live hundred dollars. This finding was set aside by consent and a second jury impannelled, who fixed the value at six hundred dollars. This last' finding was then set aside, and a decree entered for the sum found by the first jury and costs. No account was taken of tlic ifn-hnprovements or rents of the land'. From this decree,, this appeal is prayed.
We cannot perceive on what grounds the decree below is founded. The Carpenter’s work as claimed by the appellee is upwards of fifty four pounds. But carpenters, who labored on the house after the appellee, proved that they had measured and valued the work, and it amounts according to their estimate, to a little-upwards of thirty-five pounds only. In addition to this, it is shewn that the appellee received about two hundred' and fifty bushels of corn, when the price of com was worth about fifty cents per bushel, and fifteen dollars in money'. This amounts to a sum exceeding the value of the carpenter’s work, and no notice is taken of these payments by the decree of the- court below. This shews-that on the claim for carpenter’s work, the appellee is entitled to nothing, hut would be indebted.
On the claim for the conveyance of the land, the ap-pellee is not entitled to relief. For although the appellant confesses a contract, yet it is different from that stated in the bill. And taking the contract as stated either in the bill or answer, or as proved by the witnesses, it has not been complied with on the part of the appellee. Besides, the proof is satisfactory, that he moved away and abandoned the land himself. Under such circumstances, if the contract was reduced to writing, tbe ap-pellee could not be entitled to specific performance.
On his claim set up for improvements there is more-doubt. Some of the witnesses speak conjecturallv of the quantity cleared, and estimate it variously from fifteen to twenty acres. There are "some fruit trees scattered around the buildings in disorder:'and no or *420 chard exists. The buildings are shown to be dilapidated, rotten and worthless, and the cleared land again to have grown up like the forest, when the appellee left it. Under proof of improvements so worthless, it is somewhat doubtful whether any account ought to be directed as to their value, in favor of the appellee, against whom we have seen, there is already an existing balance, independent of the following circumstances which are shewn in the cause. It is evident that the appel-lee did not finish the carpenter’s work, which he had' undertaken, but forso.ok it before his bill amounted to. the lowest price of the land shewn in proof, although the appellant had aided him in making the very improvements for which he claims remuneration. He made out an account against the appellant and demanded the price of his work, by a written demand, or an adjustment by leaving it to referees, thus evidently dis-affirming the contract at an early day, after his settlement. His abandonment of the premises after ten years residence, with declarations that he would not live upon them for all he could make, and one dollar per acre given him into the bargain; his total omission to procure from the surveyor a plat of the land and require a conveyance for so great a length of time; in short, his doing a series of acts evincing an intention to claim the price of his labor, and not the land, added to his total want of care of the improvements, raised strong presumption, in the absence of positive proof, that there was some understanding between them, that this enjoyment of the premises should satisfy his trivial and unimportant claim for ameliorations, and therefore we do. not deem it necessary for the justice of the case to direct any account to be taken either for improvements or rents. "
The decree must, therefore, be reversed with costs, and directions to the court below, to dismiss the bill with costs.